IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID L. BELL, | ) | |
| | ) | Civil No. 05-380-JO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUY HALL, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

Harrison Latto
400 S.W. Sixth Avenue, Suite 600
Portland, Oregon 97204

  Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

  Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his state convictions for Rape in the Second Degree, Sexual Abuse in the First Degree, and Attempted Sexual Abuse in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On September 24, 1999, the Multnomah County Grand Jury returned an indictment charging petitioner with one count of Rape in the Second Degree and three counts of Sexual Abuse in the First Degree. Respondent's Exhibit 102. A jury found petitioner guilty on one count of Rape in the Second Degree, two counts of Sexual Abuse in the First Degree, and one count of Attempted Sexual Abuse in the First Degree. The court imposed consecutive 75-month sentences for the Rape count and each Sexual Abuse count. Respondent's Exhibit 101. In addition, the court imposed a concurrent 25-month sentence for the Attempted Sexual Abuse count.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Bell, 185 Or. App. 252, 60 P.3d 41 (2002), rev. denied 335 Or. 196, 64 P.3d 577 (2003).

Petitioner next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Respondent's Exhibits 117 & 118. On appeal, the Oregon Court of Appeals granted the state's motion for summary affirmance and the Oregon Supreme Court denied review. Respondent's Exhibits 119-123; Bell v. Hall, 2004 Or. LEXIS 812 (2004).

On March 17, 2005, petitioner filed this action. Petitioner's grounds for relief as set forth in his Petition are as follows:

1. Violation of petitioner's due process rights and Consecutive Sentencing was not Authorized by Law.

    Supporting facts: The trial court imposed consecutive sentences in violation of 6th Amendment right to jury trial, by making additional findings for consecutive sentences, under the Blakely v. Washington impact.

2. The trial court erred in denying defendant's motion for a mistrial and denial of due process.

    Supporting facts: The trial court had ruled that certain parts of a video tape would not be shown, however the prosecution allowed the jury to see those same certain parts.

3. Ineffective assistance of counsel (trial counsel).

    Supporting facts: The trial attorney failed to investigate and call certain witnesses etc.

4. Ineffective evidence to substantiate conviction.

Respondent argues that petitioner is not entitled to relief because: (1) Blakely v. Washington does not apply retroactively; (2) petitioner's grounds for relief are procedurally defaulted, and the default is not excused; and (3) the Oregon state court

decisions denying relief are neither contrary to nor unreasonable applications of Supreme Court precedent.

## DISCUSSION

### I. Unargued and Newly Raised Claims.

Though respondent addressed the claims contained in Grounds Two through Four of the *pro se* Petition in his Response, petitioner has not supported these claims with any briefing. Instead, petitioner "discusses only one of the claims alleged in his petition; namely, that the original trial court's imposition of consecutive sentences on the convictions on counts 1 and 2 of the indictment violated petitioner's right to due process guaranteed by the Fourteenth Amendment, in that he received constitutionally ineffective assistance of counsel when his defense attorney failed to raise an available, proper objection to the imposition of those sentences." Petitioner's Memorandum in Support (#44), p. 2. Presumably, petitioner is referring to his Ground One claim. Accordingly, the court deems the unargued claims contained in Grounds Two through Four abandoned. Cf. Doty v. County of Lassen, 37 F.3d 540, 548 (9th Cir. 1994)("[t]he failure to brief [an] issue waives [the appellant's] right to appeal" it).

With regard to petitioner's remaining claim, I note that he attempts, in his supporting memorandum, to recharacterize the due process trial court error claim set forth in Ground One of the Petition as one of ineffective assistance of trial counsel for

4 - OPINION AND ORDER

failing to raise an available and proper objection to the trial court's imposition of consecutive sentences. This ineffective assistance claim is a fundamentally different legal claim and is not properly before the court. See Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to be stated in the Petition, itself); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . as a statement of additional grounds.") Moreover, as petitioner has only briefed the ineffective assistance claim, the court also deems the due process claim contained in Ground One of the Petition abandoned.

Recognizing that "[t]he court may be concerned that [the claim argued in briefing] was not adequately alleged in petitioner's *pro se* petition," petitioner requests leave to amend his Petition to add the claim if the court concludes, as it has done above, that the claim alleged in the Petition is "insufficiently specific" to raise the argument made in briefing. Petitioner's Memorandum in Support (#44), p. 15. Because, as discussed below, petitioner failed to exhaust the subject ineffective assistance of counsel claim by fairly presenting it to Oregon's highest court, amendment of the Petition to add this claim would be futile. Accordingly, petitioner's request to amend his Petition is denied.

## II. Exhaustion and Procedural Default.

Having determined that petitioner abandoned the claims set forth in Grounds Two through Four of the Petition, as well as the due process claim contained in Ground One, the court addresses the state's contention that the ineffective assistance of counsel claim argued in petitioner's Memorandum in Support and which he wishes to include in any amended petition, is procedurally defaulted.

### A. Standards.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

B. **Analysis**.

Petitioner concedes that he failed to raise any claims relating to the imposition of consecutive sentences on direct appeal. Petitioner's Memorandum in Support (#44), p. 10. Accordingly, the court examines whether petitioner's claim was fairly presented to the state's highest court on collateral review.

In Petitioner's First Amended Formal Petition for Post Conviction Relief, he alleged that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments in several ways. Included under this ineffective assistance heading were the following:

\* \* \*

(e) Trial court entered into plea discussions illegally. Trial court also failed to list

7 - OPINION AND ORDER

sufficient reasons for consecutive sentences and failed to recognize the alleged acts as part of a single alleged course of conduct requiring concurrent sentences.

(f) Petitioner's conviction resulted in illegal consecutive sentences and illegal minimum sentences. The conviction was based upon insufficient evidence.

Respondent's Exhibit 108, pp. 3-4.

While petitioner presumably contends now that the above was sufficient to raise a claim of ineffective assistance of trial counsel for failing to make an available and proper objection to the court's imposition of consecutive sentences before the PCR trial court, such argument is unavailing because in his PCR appellant's brief, petitioner conceded that **"although not specifically alleged in the first amended formal petition for post-conviction relief**, [his] trial counsel was incredibly negligent in not making specific and immediate objection to the sentencing court's imposition of consecutive sentences." Respondent's Exhibit 119, p. 11 (emphasis added).

Petitioner never argued in his post-conviction petition that he was denied effective assistance of trial counsel when counsel failed to raise an available and proper objection to the court's imposition of consecutive sentences. It was not until his PCR appellate brief before the Oregon Court of Appeals that he made this argument. As the state argued in that proceeding in its motion for summary affirmance (which the Oregon Court of Appeals

granted), this was too late. Respondent's Exhibit 120, pp. 2-5; See ORS § 138.550(3)("All grounds for relief claimed by petitioner . . . must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived . . . ."); Bowen v. Johnson, 166 Or. App. 89 (2000)("[T]he allegations in the petition frame-indeed, limit-the issues for determination by the post-conviction court.").

Accordingly, because this claim was not raised in a procedural context in which its merits were considered by the Oregon Appellate courts, it was not properly exhausted and is now procedurally defaulted. Moreover, petitioner makes no showing of cause and prejudice or actual innocence sufficient to excuse procedural default. Because the ineffective assistance claim petitioner wishes to add through amendment of his Petition is defaulted, amendment would be futile. Leave to amend is improper where amendment is futile. See Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).[1]

---

[1] In addition, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. Given that petitioner filed his *pro se* Petition on March 17, 2005, it appears that addition of any new claim in an amended petition would be untimely. While petitioner contends that the ineffective assistance claim discussed in his supporting memorandum is "so similar to the claim alleged [in the Petition] so as to relate back for statute of limitations purposes," I disagree. As I noted above, a due process trial court error claim is a fundamentally different legal claim from an ineffective assistance of counsel claim.

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 29th day of October, 2007.

                                          _____
                                          Robert E. Jones
                                          United States District Judge